THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH R. MURRAY, | : | |
|     Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CHASE MANHATTAN MORTGAGE | : | |
| CORPORATION MAIN LINE CAPITAL, INC., | : | |
| and VILLAGE LAND TRANSFER, INC., | : | |
|     Defendants | : | NO. 02-4467 |

### ANSWER AND AFFIRMATIVE DEFENSES OF CHASE MANHATTAN MORTGAGE CORPORATION

Defendant Chase Manhattan Mortgage Company ("Chase") hereby answers Plaintiff's complaint in accordance with the numbered paragraphs thereof, and submits affirmative defenses thereto, as follows:

1. Admitted in part; denied in part. It is admitted only that the Plaintiff purports to seek the relief identified. The allegations of this paragraph otherwise constitute conclusions of law to which no response is required or permitted and are therefore deemed denied.

2. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required or permitted and therefore are deemed denied.

3. Denied. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and they therefore are denied.

4. Admitted in part; denied in part. It is admitted only that the information submitted is correct as to Chase. Chase is without knowledge or information sufficient to form a

belief as to the truth of the allegations of this paragraph concerning the other defendants and they are therefore denied.

5. Denied. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and they therefore are denied.

6. Denied. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and they therefore are denied.

7. Denied. Chase is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and they therefore are denied.

8. Admitted in part; denied in part. It is admitted only that a copy of what purports to be a Settlement Statement is attached to the Complaint as Exhibit "A." By way of further response, Exhibit A is a document that speaks for itself and any characterizations thereof are deemed denied. Chase specifically denies that the plaintiff did not receive a Truth in Lending Disclosure Statement or notice of his right to rescind. Chase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they therefore are denied.

9. Denied. Exhibit "A" is a document that speaks for itself and any characterizations thereof are deemed denied. Chase is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and they therefore are denied.

10. Admitted in part; denied in part. It is admitted that Plaintiff fell behind in his mortgage payments. It is further admitted that, after falling behind on his payments, Plaintiff occasionally sent additional payments to Chase. It is denied that Chase acted wrongfully in refusing to accept these payments.

11. Admitted in part; denied in part. It is admitted only that the letter attached to the Complaint as Exhibit "B" was directed to Chase. By way of further response, Exhibit "B" is a document that speaks for itself and any characterizations thereof are deemed denied.

12. Admitted in part; denied in part. Denied. It is admitted that the letter attached as Exhibit "C" was sent by Chase's counsel to Plaintiff's counsel with executed copies of a Truth In Lending Disclosure Statement and Notice of Right to Cancel attached. It is denied that Chase sent this letter "belatedly."

## **COUNT ONE**

13. The responses to paragraphs 1 through 12 are incorporated herein by reference.

14. The allegations of this paragraph constitute conclusions of law to which no response is required or permitted.

15. The allegations of this paragraph constitute conclusions of law to which no response is required or permitted. To the extent that the allegations of this paragraph constitute allegations of fact, they are denied. It is specifically denied that Plaintiff was not provided with a TILA disclosure statement and notice of his right to rescind. To the contrary, Plaintiff executed these documents and received them at settlement.

16. The allegations of this paragraph constitute conclusions of law to which no response is required or permitted.

WHEREFORE, Chase respectfully requests entry of judgment in its favor, and against Plaintiff, on Count One of the Complaint, together with such other and further relief as the Court may grant.

## **COUNT TWO**

17. The responses to paragraphs 1 through 16 are incorporated herein by reference.

18. The allegations in this paragraph are directed towards defendants other than Chase and therefore no response is required from Chase.

19. The allegations in this paragraph are directed towards defendants other than Chase and therefore no response is required from Chase.

WHEREFORE, Chase respectfully requests entry of judgment in its favor, and against Plaintiff, on Count One of the Complaint, together with such other and further relief as the Court may grant.

## **AFFIRMATIVE DEFENSES**

1. The allegations of the Complaint fail to state a claim for which relief may be granted as to Chase.

2. Plaintiff's claims are barred by the doctrines of estoppel, waiver, unclean hands or other equitable doctrines.

WHEREFORE, Chase respectfully requests that judgment be entered in its favor, and against Plaintiff, on all counts of the Complaint.

    _/S/_____
Jami Wintz McKeon, I.D. 34448
Catharine E. Gillespie, I.D. 82309
MORGAN LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103
(215) 963-5000

Attorneys for Chase Manhattan Mortgage

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was served upon the counsel identified below by first class mail on July 9, 2001:

>David A. Scholl, Esquire
>200 East State Street
>Suite 309
>Media, PA  19063

>Household Realty Corp.
>7300 Bustleton Ave.
>Philadelphia, PA 19152

July 9, 2001                                        _____
                                                                  Catharine E. Gillespie