IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH R. MURRAY** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **CHASE MANHATTAN MORTGAGE CO.** | : | |
| and | : | |
| **MAIN LINE CAPITAL, INC. and VILLAGE** | : | |
| **LAND TRANSFER, INC.** | : | NO. 02-4467 |

### ORDER

AND NOW, this 21st day of January, 2003, after a conference in which counsel for all parties were heard, it is hereby **ORDERED** that:

1. Defendants Main Line Capital and Village Land Transfer must withdraw the defense of lack of jurisdiction, or file a brief in support, **on or before February 4, 2003.**

2. Discovery shall be completed on or before **March 25, 2003.**

3. Pretrial memoranda in accordance with Fed. R. Civ. P. 26 as amended, Local Rule 16.1(c), and the rules of this judge as stated in the Handbook of Pre-Trial and Trial Practices and Procedures of the United States District Court for the Eastern District of Pennsylvania (available from the Clerk of Court or the Philadelphia Bar Association) shall be filed as follows:

>      Plaintiff - on or before **March 25, 2003.**
>      Defendant - on or before **April 9, 2003.**

Plaintiff shall propose stipulated facts. Defendant shall state agreement or disagreement with each of plaintiff's proposed stipulated facts and may counter-propose stipulated facts to which plaintiff is obligated to respond prior to the final pretrial conference.

Expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2), if necessary, shall be submitted **with the party's pretrial memorandum**. If the opposing party wishes to depose the expert, the deposition may be taken thereafter, unless otherwise ordered by the court. An expert's testimony at trial shall be limited to the information provided by the due date of the party's pretrial memorandum.

Exhibits shall be submitted to chambers with the final pretrial memorandum.  In accordance with Fed. R. Civ. P. 26(a)(3), listed exhibits shall be numbered and **premarked** for use at trial; no exhibit shall be listed unless it is already in the possession of opposing counsel.  **Only listed exhibits may be used in the party's case-in-chief** except by leave of court.

All witnesses as to liability and damages should be listed.  Only listed witnesses may testify at trial except by leave of court.  Any party who intends to use deposition testimony at trial must submit deposition designations, counter-designations and objections in the final pretrial memorandum.

Any other pretrial or trial matter requiring attention of the judge prior to trial, including but not limited to subjects for consideration at pretrial conferences listed in Fed. R. Civ. P. 16(c)(1-16), shall be specifically addressed in the final pretrial memorandum.

**Any motions for summary judgment or other pretrial motions must be filed on or before the due date of the moving party's pretrial memorandum**; an answer to any such motion must be filed within the time provided by the Rules of Civil Procedure.  No reply is contemplated.  Oral argument on any such motions will be heard at the final pretrial conference.

4.   The final pretrial conference is scheduled for **April 29, 2003** at **4:00 p.m.**  Trial counsel must attend.  It is the responsibility of any trial counsel who cannot attend to contact the court as soon as any conflict becomes known so the court may consider rescheduling the conference.  **Unless the court has otherwise granted permission, whoever attends the final pretrial conference will try the case.**

5.   This case will be placed in the non-jury trial pool on **April 30, 2003**, subject to call on 48 hours notice in accordance with the standing rule of this court as published in <u>The Legal Intelligencer</u>.  **On or before the date of trial, the parties shall submit proposed findings of fact and conclusions of law, preferably on a computer disk in Word Perfect format.**

_____
                                      S.J.